1                                                                                    JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JORGE DAVILA, an individual, | ) CASE NO. CV 17-2527-R |
|---|---|
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S ) MOTION TO REMAND |
| v. | ) |
| AMERICAN AIRLINES, INC., a Delaware corporation; LORRIE CAPPELLI, an individual, and DOES 1-100, inclusive, | ) ) ) ) |
| Defendants. | ) ) |

Before the Court is Plaintiff's Motion to Remand, which was filed on April 28, 2017. (Dkt. No. 18). Having been briefed thoroughly by both parties, this Court finds the matter suitable for a decision without the need for oral argument. Accordingly, the Court took the matter under submission on May 31, 2017.

Plaintiff's Complaint is based on his employment at American Airlines. Plaintiff alleges that he began work on March 31, 2016 and was wrongfully terminated on May 23, 2016. Plaintiff alleges that during the beginning of his employment, he was successfully completing various training programs and exercises. Then, Plaintiff received instructions regarding operation of the mechanical jet bridge. During this training, Plaintiff "raised a concern" regarding his ability to see dots used to align the jet bridge and airplanes. Plaintiff has a visual disability called

toxoplasmosis which makes it difficult to focus on objects. He alleges that he informed American Airlines of this disability. After the jet bridge operation training, on May 23, 2016 Plaintiff alleges that he was contacted by Lorrie Cappelli, a customer service manager, who informed him that Joanne Gonzalez, a human resource officer, wanted to discuss his ability to operate the jet bridge. During his conversation with Gonzalez, Plaintiff allegedly told her that he could operate the jet bridge, but not at night. Despite Plaintiff's assurances to the contrary, Gonzalez stated on multiple occasions during the conversation that Plaintiff could not operate the jet bridge. On May 23, 2016, Plaintiff was fired. Plaintiff alleges that between May 19 and May 23, "Defendants, by and through their management agents Cappelli and Does" published the false claims that "Plaintiff could not operate the jet bridge, that Plaintiff admitted that he could not operate the jet bridge, and that Plaintiff had almost hit an airplane with the jet bridge." (Compl. ¶ 114). Plaintiff claims that those "statements were motivated by hatred or ill will towards Plaintiff" and they were "patently false, and known to be false at the time they were made." (Compl. ¶¶ 115, 116).

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed. 28 U.S.C. § 1441(a). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc., v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

An out of state Defendant may remove a case to federal court based on diversity jurisdiction. 28 U.S.C. 1441(b). Diversity jurisdiction exists when complete diversity exists between the parties and the amount in controversy exceeds $75,000. *Id.* Complete diversity requires each defendant be a citizen of a different state than each plaintiff. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001). If a defendant is determined to have been fraudulently joined, then a defendant can remove despite a lack of complete diversity. *Id.* Joinder of a non-diverse defendant is deemed fraudulent "'if the plaintiff fails to state a cause of action

2

against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* at 1067 (citation omitted). If fraudulently joined, said defendant's presence is ignored for the purposes of diversity. *Id.* The mere likelihood that a cause of action will be dismissed is insufficient to establish fraudulent joinder. Rather, the court must determine that a plaintiff cannot possibly state a claim against the sham defendant. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009).

Here, Lorrie Cappelli and Plaintiff are citizens of California, thus, unless Cappelli was fraudulently joined, complete diversity does not exist. Defendants argue that Cappelli was fraudulently joined because (1) the Complaint fails to state a cause of action for defamation and (2) the common interest privilege prevents any claim for defamation against Cappelli.

Plaintiff appears to have abandoned his cause of action for declaratory relief against Cappelli, thus the lone cause of action against Cappelli is defamation. The elements of a defamation claim are "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007). "Under California law, although a Plaintiff need not plead the allegedly defamatory statement verbatim, the alleged defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement." *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004). California law provides certain privileges to statements which would otherwise be defamatory. The conditional common interest privilege allows employers to communicate statements which would otherwise be defamatory where such statements are made without malice on subjects of mutual interest. Cal. Code Civ. Proc. § 47(c).

Plaintiff's Complaint contains numerous conclusory pleadings that render the cause of action for defamation likely to be dismissed, but Defendants fail to meet their burden to show that Plaintiff could not possibly state a cause of action against Cappelli. The Complaint relies on several conclusory allegations. For example, Plaintiff merely pleads that the "publications of [the] statements were motivated by hatred or ill will towards Plaintiff . . . ." However, Defendants present no facts or arguments that Plaintiff is incapable of amending to plead facts which would show malice and thereby prevent application of the privilege. Defendants' contention is that

3

1  "[b]ecause Davila cannot meet his burden to plead facts showing that any alleged defamatory statements were made with actual malice, he cannot state a claim of defamation against Cappelli, and his motion to remand should be denied." (Opp. at p. 12). However, Defendants did not show that Davila *cannot* meet his burden, only that he *has not*. The distinction is critical because Defendants bear the burden to prove that Cappelli is a sham defendant.

Defendants failed to show that Plaintiff cannot possibly state a claim against Cappelli, accordingly the Court finds that she is not a sham defendant and will not disregard her citizenship for the determination of diversity jurisdiction. Thus, the claim lacks complete diversity and this Court lacks jurisdiction over the matter.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Dkt. No. 18) is GRANTED.

Dated: August 8, 2017.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE